# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JUAN CARLOS AGUILAR-FARIAS,<br><br>Defendant. | CASE NO. 1:13-CR-00420-LJO-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ECF No. 113 |

Defendant Juan Carlos Aguilar-Farias ("Defendant") has requested that this Court appoint counsel to represent him in a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 ("§ 3582") and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G"), which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. ECF No. 113. Following the Court's referral of Defendant's request to the Federal Defender's Office (ECF No. 114), the Federal Defender's Office filed notice declining to represent Defendant in his § 3582 proceedings. ECF No. 115.

There is no constitutional right to counsel in a collateral, post-conviction proceedings, such motions made pursuant to § 3582. *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). Furthermore, the Court's review of the record indicates that Defendant is statutorily ineligible for a sentence reduction under § 3582 and Amendment 782 because the 120-month sentence he received is actually a shorter sentence than the bottom end of his amended Guidelines range, after the effect of Amendment 782 is taken into account.[1] To be clear, in Defendant's Presentence Investigation

---

[1] Before Amendment 782 was passed, an offense involving more than 1.5 kilograms of actual methamphetamine would have resulted in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c) (2013). After accounting for the relevant adjustments, Defendant's total offense level would be 37, and with his Criminal History Category of I, the Guidelines range would have been 210 to 262 months. U.S.S.G. Chapter 5, Part A.

Report ("PSR"), which was filed with the Court on October 5, 2015, the United States Probation Office used the 2014 Guidelines Manual, which incorporates Amendment 782, to determine Defendant's offense level and Guidelines range. ECF No. 102 ¶ 12. The PSR determined that Defendant's base offense level was 36, because the quantity of actual methamphetamine involved in his offense was at least 1.5 kilograms, but less than 4.5 kilograms. *Id.* ¶ 14. After adjusting upwards 2 point for special offense characteristics and adjusting downwards 3 points for acceptance of responsibility, the PSR found that Defendant's total offense level was 35. *Id.* ¶¶ 15-24. With Defendant's Criminal History Category of I and an offense level of 35, the PSR determined that Defendant's Guidelines range was 168 to 210 months. *Id.* at 14. At sentencing, following discussions with counsel wherein both parties agreed that Defendant was eligible for a two-level safety valve reduction, the Court found Defendant's total offense level to be 33, Criminal History Category to be I, and the Guidelines range to be 135 to 168 months. However, after consideration of a sentencing disparity with an equally culpable co-defendant, the Court ultimately imposed a 120-month term of imprisonment on Defendant. *See* ECF No. 111. Because the Court may not reduce a defendant's term of imprisonment to a term less than the minimum of the amended Guideline range, Defendant is not eligible for a sentence reduction under § 3582. *See United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014).

    For these reasons, the Court DENIES Defendant's motion for the appointment of counsel.

IT IS SO ORDERED.

    Dated:   **January 20, 2017**          /s/ Lawrence J. O'Neill
                                                           UNITED STATES CHIEF DISTRICT JUDGE